FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jan 26, 2026

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| NOVO NORDISK A/S and NOVO NORDISK INC., <br><br> Plaintiffs, <br><br> v. <br><br> IKON HEALTH LLC d/b/a/ INVIGOR MEDICAL, LLC, <br><br> Defendant. | No. 4:24-CV-05093-RLP <br><br> **ORDER DENYING MOTION FOR JUDGMENT ON THE PLEADINGS** |

Before the Court is Defendant Ikon Health LLC's Motion for Judgment on the Pleadings, ECF No. 47. Ikon Health is represented by Robert Weisbein, Roma Lopes, and Daniel Oates. Plaintiffs Novo Nordisk A/S and Novo Nordisk Inc. are represented by Nathan E. Shafroth, Françoise N. Ejoukeng, John Wolfe, and Aaron Brecher. This matter was considered without oral argument.

Novo Nordisk has sued Ikon Health on claims of false advertising in violation of the Lanham Act, 15 U.S.C. § 1125(a)(1)(B); unfair competition in violation of the common law; and violation of Washington's Consumer Protection

ORDER DENYING MOTION FOR JUDGMENT
ON THE PLEADINGS ~ 1

Act, RCW 19.86.010 *et seq*. Through its current motion, Ikon Health argues Novo Nordisk's Complaint must be dismissed because it fails to allege any sort of actionable injury. According to Ikon Health, the lack of injury strips this Court of subject matter jurisdiction based on a lack of Article III standing. Ikon Health also argues the failure to allege an injury also means Novo Nordisk has not alleged statutory standing and cannot assert all elements necessary for its claims.

The Court disagrees with Ikon Health's arguments. Novo Nordisk's complaint is sufficient to establish standing and to withstand Ikon Health's other criticisms. The motion for judgment on the pleadings is therefore denied.

## BACKGROUND

The following facts are taken from Plaintiff Novo Nordisk's Complaint and are accepted as true for purposes of the current motion.

Novo Nordisk is a healthcare company that develops various medicines, including three FDA-approved drugs containing the molecule semaglutide: Ozempic®, Rybelsus®, and Wegovy®. The first two drugs are approved for type-two diabetes and the third is approved for weight management. Novo Nordisk is the only U.S. Company with FDA-approved products containing semaglutide. The FDA has not approved any generic versions of Novo Nordisk's semaglutide medications. To approve a generic version of a drug, the FDA would need to find that the drug meets the "same high standards of quality and manufacturing as the brand-name product." ECF 1 at 17, ¶ 45.

ORDER DENYING MOTION FOR JUDGMENT
ON THE PLEADINGS ~ 2

Defendant Ikon Health markets and sells compounded drug products that purport to contain semaglutide. Compounding is defined as a "practice in which a licensed pharmacist, a licensed physician, or, in the case of an outsourcing facility, a person under the supervision of a licensed pharmacist, combines, mixes, or alters ingredients of a drug to create a medication tailored to the needs of an individual patient." ECF 1 at 7, ¶ 23. Compounded drugs are not illegal, but they are also not FDA-approved. In 2024, an FDA database reported 542 adverse events associated with compounded semaglutide, some requiring hospitalization.

Novo Nordisk alleges Ikon Health's advertising materials "claim[ ] or impl[y] that its Unapproved Compounded Drugs are FDA-approved and contain the same semaglutide that the FDA evaluated in the context of reviewing and approving Novo Nordisks's" drugs. ECF 1 at 11, ¶ 11. Specifically, Ikon Health has advertised "semaglutide" as "FDA-approved." ECF 1 at 11, ¶¶ 30, 31. Ikon Health further promotes its compounded drugs as having the "same active ingredient in Wegovy, Ozempic, and Rybelsus." ECF 1 at 11, ¶ 32. In some materials, Ikon Health also claims or implies its drugs are generic versions of Ozempic®, Rybelsus®, and Wegovy®. Ikon Health also claims or implies its compounded drugs have been subjected to clinical studies and trials with outcomes similar to Ozempic®, Rybelsus®, and Wegovy®.

According to Novo Nordisk, the foregoing claims are false and misleading. As explained by Novo Nordisk "the FDA only approves complete medications, not

ORDER DENYING MOTION FOR JUDGMENT
ON THE PLEADINGS ~ 3

molecules like semaglutide." ECF 1 at 12, ¶ 33. Further, the FDA has never approved Ikon Health's compounded drugs, nor are Ikon Health's drugs the same as the semaglutide in Novo Nordisk's medicines. Contrary to Ikon Health advertisements, a generic drug is something that requires specific FDA findings and the FDA has never designated any drug as a generic version of the brand names Ozempic®, Rybelsus®, or Wegovy®. And finally, the clinical trials and studies described in Ikon Health's marketing materials were not performed on Ikon Health compounded drugs, but instead were conducted on Novo Nordisk's medicines.

According to Novo Nordisk, the purpose of Ikon Health's false and misleading advertising is to trade on Novo Nordisk's reputation and "create confusion in the marketplace and/or mislead the public regarding the origin, identity, or source of" Ikon Health's compounded drugs. ECF 1 at 18, ¶ 47. Novo Nordisk cites social media posts where consumers state they have purchased generic Wegovy®. ECF 1 at 19-20, ¶¶ 51-54. One patient who reviewed Ikon Health's medication expressed displeasure that the product was "not from the manufacturer" but was "made in a compounding pharmacy." *Id*. at 20, ¶ 54.

According to Novo Nordisk, Ikon Health's advertising practices are "likely to confuse and deceive patients into mistakenly believing that they are purchasing authentic Novo Nordisk products or products that have been evaluated and

approved by the FDA, studied in clinical trials, and deemed safe and effective." ECF 1 at 4, ¶ 6.

## ANALYSIS

In reviewing a defendant's motion to dismiss under Fed. R. Civ. P. 12(c), all factual allegations set forth in the complaint are accepted as true and construed "in the light most favorable" to the plaintiff. *Fleming v. Pickard*, 581 F.3d 922, 925 (9th Cir. 2009). If, viewed under this standard, the complaint fails to allege sufficient facts to support a cognizable legal claim, the defendant will be entitled to judgment as a matter of law. *See Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008).

Ikon Health's primary argument for relief regards lack of standing. According to Ikon Health, Novo Nordisk has not alleged any actionable injury arising from its purported misconduct. Given this circumstance, Ikon Health claims Novo Nordisk lacks standing under Article III of the U.S. Constitution as well as the type of standing required under the Lanham Act and Washington's Consumer Protection Act. Each standing argument is addressed in turn.

A plaintiff must have standing to sue in order to invoke this Court's constitutional jurisdiction. "Article III grants federal courts the power to redress harms that defendants cause plaintiffs, not a freewheeling power to hold defendants accountable for legal infractions." *Trans Union LLC v. Ramirez*, 594 U.S. 413, 427 (2021) (quoting *Casillas v. Madison Ave. Assoc., Inc.*, 925 F.3d 329,

332 (7th Cir. 2019)). For Article III standing, a plaintiff must establish an "injury in fact, causation and redressability." *Trafficschool.com, Inc. v. Edriver*, 653 F.3d 820, 825 (9th Cir. 2011). "In a false advertising suit, a plaintiff establishes Article III standing if 'some consumers who bought the defendant's product under a mistaken belief' fostered by the defendant 'would have otherwise bought the plaintiff's product.'" *Id.* (quoting *Joint Stock Soc'y v. UDV N. Am., Inc.*, 266 F.3d 164, 177 (3d. Cir. 1993)). Direct evidence of lost sales data is not necessary. *Id*. It is sufficient for the plaintiff to demonstrate "a chain of inferences showing how defendant's false advertising could harm plaintiff's business." *Id*.

Here, Novo Nordisk has established a sufficient injury for Article III standing This is not a case where Novo Nordisk is seeking redress based simply on a claim that Ikon Health has violated the law. *Cf. Trans Union*, 594 U.S. at 426-27. Instead, Novo Nordisk has shown that they have a tangible stake in correcting Ikon Health's alleged wrongdoing. According to the Complaint, Ikon Health improperly suggests to consumers that its compounded drugs are the same as Novo Nordisk's FDA-approved products. The social media posts cited in the Complaint indicate at least some consumers have purchased Ikon Health's products believing they were the same as Novo Nordisk's products. One social media post indicates a customer mistakenly thought Ikon Health's product came from Novo Nordisk. "It stands to reason that [Ikon Health] will capture a lager sale of the [semaglutide drug] market—to [Novo Nordisk's] detriment—if they mislead consumers into believing

ORDER DENYING MOTION FOR JUDGMENT
ON THE PLEADINGS ~ 6

1 that" their drugs are the same as Novo Nordisk's FDA-approved drugs.

2 *Trafficschool.com*, 653 F.3d at 826. Novo Nordisk has therefore established

3 sufficient injury for Article III standing. *See id.*

4     In addition to Article III standing, Ikon Health points out Novo Nordisk

5 must also establish standing to sue under the Lanham Act. Standing in this context

6 requires a plaintiff to show (1) "injury to a commercial interest in reputation or

7 sales" and (2) proximate cause. *Lexmark Int'l, Inc. v. Static Control Components,*

8 *Inc.*, 572 U.S. 118, 131-32 (2014). Under Ninth Circuit precedent, courts will

9 presume "commercial injury when defendant and plaintiff are direct competitors

10 and defendant's misrepresentation has a tendency to mislead consumers."

11 *Trafficschool.com*, 653 F.3d at 826. Similarly, the Supreme Court has recognized

12 "the direct-competitor test" is a bright-line rule that will readily establish standing.

13 *Lexmark*, 572 U.S. at 136.

14     Novo Nordisk has satisfied Lanham Act standing for the same reasons it has

15 shown Article III standing. When it comes to the market for semaglutide drugs,

16 Novo Nordisk and Ikon Health are direct competitors. *See Eli Lilly and Co. v.*

17 *Adonis Health*, 2025 WL 2721684 at *3 (N.D. Cal. Sept. 24, 2025) (seller of

18 compound drugs in direct competition with FDA-approved drug company); *Novo*

19 *Nordisk, Inc. v. DCA Pharmacy*, 745 F.Supp.3d 626, 630 (M.D. Tenn. Aug. 15,

20 2024) (same). Ikon Health's claims to the contrary are belied by its own marketing

materials, which advertise its products as comparable to Novo Nordisk's brand

ORDER DENYING MOTION FOR JUDGMENT
ON THE PLEADINGS ~ 7

name drugs. In addition, Novo Nordisk has alleged facts indicating that consumers have purchased Ikon Health's compound drug under the mistaken belief that it was either was Novo Nordisk's product or an identical product. Given this allegation, Novo Nordisk has made a plausible showing that Ikon Health's marketing behavior has cut into its share of the market—at least the share of the market for consumers who want a semaglutide weight-loss product that had been subject to FDA scrutiny. Ikon Health argues Novo Nordisk cannot establish proximate cause because the sale of its compound drugs requires a doctor's prescription and this is an intervening act that breaks the causal chain. This type of argument lacks merit. *See Eli Lilly*, 2025 WL 2721684 at *4 (citing cases). Novo Nordisk has alleged standing under the Laham Act.

Given the foregoing, Novo Nordisk has also established standing for purposes of Washington's Consumer Protection Act (CPA). A CPA plaintiff must allege an injury to business or property causally linked to the defendant's unfair or deceptive acts. *See Scott v. Amazon.com, Inc.*, 33 Wash. App. 2d 44, 72 (2024). These requirements are satisfied. Novo Nordisk has alleged Ikon's Health deceptive advertising cuts into its market share. The fact that third party physicians are involved in prescribing Ikon Health's compounded drugs does not break the causal chain. Furthermore, given Novo Nordisk's allegation that compounded drugs have been associated with negative effects, Ikon Health's advertisements suggesting that its compounded drugs are the same as Novo Nordisk's brand name

ORDER DENYING MOTION FOR JUDGMENT ON THE PLEADINGS ~ 8

drugs may lead consumers to believe Novo Nordisk's drugs suffer the same flaws as the compounded drugs. This type of injury to "business reputation" is actionable under the CPA. *Ambach v. French*, 167 Wn.2d 167, 173 (2009).

In addition to its standing arguments, Ikon Health alleges Novo Nordisk's complaint is preempted by federal law and otherwise fails to state a claim. The Court disagrees. With respect to preemption, Novo Nordisk has not alleged that Ikon Health has violated federal law by selling compounded drugs. Thus, preemption is not at issue. *See Novo Nordisk A/S v. Mai Kaga, MD LLC*, 2025 WL 3707550 at *5 (D. N.J. Dec. 22, 2025) (citing cases rejecting identical preemption arguments). With respect to the elements of Novo Nordisk's causes of action, the Complaint adequately alleges false statements indicating Ikon Health's products are the same as Novo Nordisk's and that the FDA has approved semaglutide; customer confusion over whether Ikon Health's drugs are the same as or similar to Novo Nordisk's; and harm to the members public who wish to purchase products that have been subject to FDA-approval, regardless of whether FDA approval is required.

## CONCLUSION

Novo Nordisk's complaint adequately alleges standing to invoke this Court's Article III jurisdiction and to state claims under state and federal law. In addition, the Complaint sufficiently alleges the elements of Novo Nordisk's claims.

ORDER DENYING MOTION FOR JUDGMENT
ON THE PLEADINGS ~ 9

Accordingly, **Ikon Health's Motion for Judgment on the Pleadings (ECF No. 47)** is **DENIED**.

**IT IS SO ORDERED**. The District Court Clerk is hereby directed to enter this Order and to provide copies to counsel.

**DATED** January 26, 2026

                      REBECCA L. PENNELL
                      DISTRICT COURT JUDGE